**ORIGINAL**

## In the United States Court of Federal Claims

No. 15-1579 C

(Filed January 8, 2016)

**UNPUBLISHED**

**FILED**

**JAN - 8 2016**

**U.S. COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| * * * * * * * * * * * * * * *    * | |
| SHUNTAY ANTONIO BROWN    * | |
| AND WILLIE JESS LIPSCOMB,    * | |
|    * | |
| *Pro Se Plaintiffs*,    * | *Pro Se* Complaint; No Claims |
|    * | Within This Court's |
| v.    * | Jurisdiction. |
|    * | |
| THE UNITED STATES,    * | |
|    * | |
| *Defendant.*    * | |
| * * * * * * * * * * * * * * *    * | |

### OPINION

The court has before it plaintiffs' *pro se* complaint filed December 28, 2015. Because this court lacks jurisdiction over plaintiffs' claims, their suit must be dismissed pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC). The reasons for this *sua sponte* dismissal are set forth below.

### BACKGROUND[1]

The complaint filed by Mr. Brown and Mr. Lipscomb is not easy to decipher. Although the general introduction to the complaint succinctly states that plaintiffs seek redress for "violation of [their] constitutional rights under the 14th

---

[1] The facts recited here are drawn from the complaint. The court makes no findings of fact in this opinion.

Amendment to the United States Constitution," Compl. at 1, the remainder of the complaint presents an expansive set of factual allegations, seven separate counts, a request for several types of relief, and eight attachments.[2] The court has examined the complaint thoroughly in an attempt to discern the true nature of plaintiffs' claims. The court provides here a summary of the topics presented in the complaint. Most of these topics appear to address the particular circumstances of Mr. Brown, although some of these topics appear to address the circumstances of both Mr. Brown and Mr. Lipscomb.

Mr. Brown and Mr. Lipscomb are brothers, and Mr. Brown is the legal guardian of Mr. Lipscomb due to the latter's mental retardation. Compl. at 9. Difficulties in their living situation appear to be related to unemployment, loss of housing and the denial of various federal benefits. *See id.* at 1 ("This action seeks just compensation from the United States for property ([]Jobs, Housing and Social Security Benefits SSI/SSDI) taken from the Plaintiff . . . ."). There are also numerous references to the negative outcomes of previous litigation before federal courts. Because plaintiffs in this lawsuit may seek to collaterally attack the judgments of other federal courts, the court briefly reviews some of the litigation referenced in the complaint.

In early 2015, the United States Court of Appeals for the Seventh Circuit rejected an appeal brought by Mr. Brown regarding the "dismissal of his federal civil-rights lawsuit." *Brown v. Charles T. Ryan, Ltd.*, 596 F. App'x 504, 504 (7th Cir. 2015). One of the defendants named in the suit was the "'Federal Reserve System.'" *Id.* The lawsuit brought by Mr. Brown alleged various constitutional rights violations and ADA violations related to a bankruptcy proceeding and the brothers' eviction from a condominium.[3] *Id.* The district court dismissed the suit for lack of jurisdiction and the Seventh Circuit affirmed.

The March 12, 2015 decision of the Seventh Circuit is attached to plaintiffs' complaint. Compl. Att. A-1. Bankruptcy proceedings are discussed at length in

---

[2]/ The documents attached to the complaint are divided into the following discrete attachments: Attachments A-1, A-2, B-1, B-2, C-1, D-1, D-2, and A Group. The court has supplied pagination to these documents.

[3]/ The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (2012), is referred to in this opinion as the ADA.

2

the complaint.[4] *Id.* at 2-4, Att. B-2. Loss of housing is also referenced in the complaint. *Id.* at 1, 5. In addition, the complaint repeatedly invokes the rights of persons living with disabilities. *Id.* ¶¶ 23, 33-34, 36-37, 40, 46-47, 54, 67-69, 73, 75-76, 78. Thus, it would appear that at least some of the rights violations alleged in the complaint are related to bankruptcy proceedings, particularly in the actions of bankruptcy trustees, and others are related to the brothers' loss of housing, an occurrence which is alleged to implicate the Federal Reserve System.

The complaint also contains a lengthy discussion of criminal proceedings. Compl. at 5-6. The underlying charge against Mr. Brown was "making false statements under penalty of perjury in a bankruptcy case." *United States v. Brown*, No. 14-2524, 2015 WL 7292770, at *1 (7th Cir. Nov. 19, 2015). Mr. Brown pled guilty but later asserted that his right to a speedy trial had been violated. *Id.* The Seventh Circuit disagreed and dismissed his appeal. *Id.* at *3.

The November 19, 2015 decision of the Seventh Circuit is attached to plaintiffs' complaint. Compl. Att. C-1 at 5-9. Mr. Brown's right to a speedy trial, and allegations of misconduct by the United States Department of Justice, are referenced in plaintiffs' complaint. *Id.* at 5-6. Thus, another set of plaintiffs' claims are focused on violations of Mr. Brown's rights in criminal proceedings.

Finally, the United States District Court for the Northern District of Illinois recently dismissed Mr. Brown's suit against the director of the Social Security Administration (SSA). *Brown v. Colvin*, No. 15-C-1313 (N.D. Ill. Dec. 3, 2015) (unpublished order). The court noted that the SSA had denied Mr. Brown disability insurance benefits (SSDI) and supplemental security income (SSI). *Id.* at 1. Mr. Brown apparently failed to file a timely appeal of the final decision of an administrative law judge who considered Mr. Brown's application for SSA-administered benefits. *Id.* at 1-2. The district court therefore dismissed Mr. Brown's suit for failure to exhaust administrative remedies, and also denied his

---

[4] There may also be an employment-related claim in the complaint's discussion of bankruptcy proceedings. *See* Compl. ¶ 8 ("Plaintiff has been off work since September 29, 2011 without pay and work."); ¶ 9 ("This action by the chapter 7 trustee was done to sabotage[] the employee's benefits and investments."); ¶ 10 ("[The bankruptcy trustee] place[d] the Plaintiff in a position that he does not believe was appropriate because it forced him to work outside his union restriction hours per week . . . ."). Any claims against bankruptcy trustees referenced in the complaint will be discussed in the "Tort Claims" section of this opinion, *infra*.

motion for reconsideration of that dismissal. *Id.*

The December 3, 2015 decision of the district court is attached to the complaint. Compl. Att. D-2. That decision, and Mr. Brown's efforts to obtain judicial review of the actions of the Social Security Administration, are discussed in the complaint. *Id.* at 6-7. Plaintiffs have also attached a number of documents which illustrate Mr. Brown's interactions with the SSA. Compl. Att. A Group. It is clear from these documents that Mr. Brown has long contended that his constitutional rights were violated when the SSA denied him SSDI and SSI benefits. *Id.* Thus, the complaint appears to include claims that plaintiffs' constitutional rights were violated by the SSA.

## DISCUSSION

### I.   *Pro Se* Litigants

The court acknowledges that Mr. Brown and Mr. Lipscomb are proceeding *pro se* and are "not expected to frame issues with the precision of a common law pleading." *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987). *Pro se* plaintiffs are entitled to a liberal construction of their pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has examined the complaint thoroughly and has attempted to discern all of plaintiffs' claims and legal arguments.

### II.   Jurisdiction

In order to determine its jurisdiction over plaintiffs' suit, this court must presume all factual allegations in the complaint to be true and construe all reasonable inferences in favor of plaintiffs. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). However, plaintiffs bear the burden of establishing subject matter jurisdiction, *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)), and must do so by a preponderance of the evidence, *Reynolds*, 846 F.2d at 748 (citations omitted). If subject matter jurisdiction is found to be lacking, this

court must dismiss the action.  RCFC 12(h)(3).

The Tucker Act delineates this court's jurisdiction.  28 U.S.C. § 1491 (2012).  That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) (citations omitted). These include money damages claims against the federal government founded upon the Constitution, an act of Congress, a regulation promulgated by an executive department, any express or implied contract with the United States, or any claim for liquidated or unliquidated damages in cases not sounding in tort.  *Id.* (citing 28 U.S.C. § 1491(a)(1)).

The Tucker Act concurrently "waives the Government's sovereign immunity for those actions."  *Id.*  The statute does not, however, create a substantive cause of action or right to recover money damages in the Court of Federal Claims.  *Id.*  "[T]o come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages."  *Id.*

In other words, the source underlying the cause of action must be money-mandating, in that it "'can fairly be interpreted as mandating compensation by the Federal Government.'"  *United States v. Testan*, 424 U.S. 392, 400 (1976) (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967) and citing *Mosca v. United States*, 417 F.2d 1382, 1386 (Ct. Cl. 1969)).  If the provision relied upon is found to be money-mandating, the plaintiff need not rely upon a waiver of sovereign immunity beyond the Tucker Act.  *Huston v. United States*, 956 F.2d 259, 261 (Fed. Cir. 1992) (citing *United States v. Mitchell*, 463 U.S. 206, 218 (1983)).  If, on the other hand, no money-mandating source supports the cause of action, this court lacks subject matter jurisdiction and must dismiss the action.

## III.   Jurisdictional Analysis of the Complaint

### A.   Discrimination Claims

Plaintiffs allege that their loss of income and housing, the violation of Mr. Brown's right to a speedy trial, and the denial of Mr. Brown's application for

5

SSDI and SSI benefits were the result of discrimination on the part of various federal agencies. *See, e.g.*, Compl. ¶¶ 18-19, 24, 27, 33-34, 36-37, 46, 62, 68-69, 73. The primary types of discrimination alleged in the complaint are racial discrimination and discrimination against persons with disabilities. *Id.* However, it is well established that this court cannot entertain claims for civil rights violations under various federal statutes such as 42 U.S.C. §§ 1981, 1983, 1985, 1986 (2012). *E.g., Jefferson v. United States*, 104 Fed. Cl. 81, 89 (2012) (citing cases). Nor can this court review allegations of discrimination against persons with disabilities under the authority of the ADA or the Rehabilitation Act of 1973, 29 U.S.C. §§ 704-794e (2012). *Searles v. United States*, 88 Fed. Cl. 801, 805 (2009). Because this court lacks jurisdiction over plaintiffs' discrimination claims, those claims must be dismissed.[5]

## B.    Tort Claims

The complaint identifies a number of federal agencies, as well as the "Federal Reserve System," and accuses these agencies of wrongful conduct. *See* Compl. at 1 (alleging that federal agencies such as the "United States [Bankruptcy] Trustee Program," the "Federal Reserve System[]," the "United States Social Security Administration," and the "United States Department of Justice" are responsible for harming plaintiffs); ¶ 9 (alleging that a bankruptcy trustee "failed to adhere to [his] statutory . . . duties"); ¶ 17 (alleging that the Federal Reserve System "failed to adhere to [its] statutory . . . duties"); ¶ 21 (alleging that the Department of Justice "failed to adhere to [its] statutory . . . duties"); ¶ 23 (alleging that the United States Public Defender Office was negligent); ¶ 64 (alleging generally that the United States is liable for the intentional infliction of

---

[5] The complaint contains no specific references to passages of the United States Constitution in support of the violations of "constitutional rights" alleged in the complaint, other than to the Fourteenth Amendment. Compl. at 1. The court believes that plaintiffs intended to invoke the takings clause of the Fifth Amendment, rather than the Fourteenth Amendment, a topic which is discussed *infra*. Even if plaintiffs had meant to invoke the protections of the Fourteenth Amendment, those constitutional guarantees are not considered money-mandating against the United States so as to confer jurisdiction on this court. *See, e.g., Fry v. United States*, 72 Fed. Cl. 500, 508 (2006). As for plaintiffs' request for a jury trial under the Seventh Amendment, Compl. at 15-16, this right has been held to be inapplicable in the Court of Federal Claims. *E.g., Webster v. United States*, 74 Fed. Cl. 439, 444 (2006) (citing *United States v. Sherwood*, 312 U.S. 584, 587 (1941)).

emotional distress upon plaintiffs). These allegations of wrongdoing and negligence are examples of tort claims. This court, however, cannot consider tort claims against federal agencies. *E.g., Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (citations omitted). For this reason, plaintiffs' tort claims against federal agencies must be dismissed for lack of jurisdiction.

## C.   Miscellaneous Statutory Claims

Plaintiffs cite to numerous federal statutes in addition to the ones discussed *supra*. The subject matter of these statutes varies and includes age discrimination, bankruptcy, access to credit, civil rights, homelessness, fair housing, subsidized housing, and the right to a speedy trial. Compl. ¶¶ 7-15, 21, 23, 30, 33-36, 40, 46, 62, 69, 71, 75-79. None of these statutes is money-mandating so as to support a claim within this court's jurisdiction. As discussed previously, the court cannot entertain such claims where no jurisdictional basis lies for the action. The court therefore must dismiss any and all claims based on the numerous federal statutes cited in plaintiffs' complaint.

## D.   No Takings Claim

The court also considers whether the complaint contains a takings claim. The general introduction to the complaint contains language that seemingly attempts to invoke the constitutional basis for a takings claim:

> This action seeks just compensation from the United States for property ([]Jobs, Housing and Social Security Benefits SSI/SSDI) taken from Plaintiff, [by] the United States, through its agencies . . . .

Compl. at 1. The court cannot construe the factual allegations of the complaint, however, to present a non-frivolous allegation of a taking of property for the use of the government. *Cf. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008) (to present a takings claim, the complaint must contain "a nonfrivolous allegation that [the plaintiff] is within the class of plaintiffs entitled to recover [from the United States] under [a] money-mandating source" of law).

7

Instead, plaintiffs allege, repeatedly, that federal agencies have acted arbitrarily and capriciously toward them in violation of the Administrative Procedures Act (APA). Compl. ¶¶ 7-8, 12, 14-15, 17, 25. Plaintiffs cannot convert an APA claim into a takings claim by characterizing these administrative actions as the taking of plaintiffs' property. *See Katz v. Cisneros*, 16 F.3d 1204, 1207 (Fed. Cir. 1994) ("Regardless of the characterization of the case ascribed by [a plaintiff] in its complaint, we look to the true nature of the action in determining the existence or not of jurisdiction.") (citations omitted). Here, plaintiffs have not identified a specific property right that was taken from them by the United States for public use.[6] In contrast, they have named a number of federal agencies and have found fault with the decisions or actions taken by those agencies. The gravamen of plaintiffs' complaint is not a takings claim but an APA claim, or, perhaps, multiple APA claims. Because this court does not possess jurisdiction over APA claims, the complaint must be dismissed for lack of jurisdiction. *Martinez v. United States*, 333 F.3d 1295, 1313 (Fed. Cir. 2003) (*en banc*) (citing *Murphy v. United States*, 993 F.2d 871, 874 (Fed. Cir. 1993)).

### E.    Collateral Attack on the Judgments of Federal Courts Improper

Plaintiffs' complaint nowhere specifically states that Mr. Brown and Mr. Lipscomb seek review of the decisions of the Seventh Circuit or of the district court. To the extent, however, that the complaint implies that these federal courts erred in denying plaintiffs relief, this court is powerless to reverse or alter the outcome of those lawsuits. This court does not possess jurisdiction to review decisions of other federal courts. *See, e.g., Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (stating that "the Court of Federal Claims does not have jurisdiction to review the decisions of district courts"); *Brown v. United States*, 88

---

[6] The term "property" has a specific definition for the purposes of the takings clause of the Fifth Amendment. *See, e.g., Zucker v. United States*, 758 F.2d 637, 640 (Fed. Cir. 1985) (holding that expectations regarding employment-related retirement benefits are not "property" for the purposes of the takings clause); *see also Addams-More v. United States*, 296 F. App'x 45, 47-48 (Fed. Cir. 2008) (stating that the denial of Social Security benefits does not give rise to a takings claim under the Fifth Amendment (citing *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990))); *Landers v. United States*, 39 Fed. Cl. 297, 301 (1997) (dismissing a claim brought before this court related to an eviction because such a claim was not a takings claim but a claim that could only proceed in state court). The types of governmental action described in the complaint are not deprivations of "property" under Fifth Amendment jurisprudence.

8

Fed. Cl. 795, 799 n.4 (2009) (stating that "this court is without authority to review decisions of other federal courts") (citations omitted). To the extent that plaintiffs' suit in this court attempts to collaterally attack other federal court decisions, any such claim must be dismissed for lack of jurisdiction.

### F.    Injunctive Relief

Finally, the court notes that plaintiffs seek injunctive relief from this court. Compl. at 15. This court does not possess equitable powers that could assist plaintiffs. *E.g.*, *Brown*, 105 F.3d at 624 (citing *United States v. King*, 395 U.S. 1, 2-3 (1969)). For this reason, the court must also dismiss the request for injunctive relief presented in plaintiffs' complaint.

### CONCLUSION

The court has considered all of the claims and sources of law cited in the complaint and construed them in a light most favorable to Mr. Brown and Mr. Lipscomb. This court lacks jurisdiction over all of plaintiffs' claims.[7] Inasmuch as the court has no power to expand its jurisdiction to address plaintiffs' legal claims, it would be futile for them to return to this court for a renewed consideration of plaintiffs' requests for damages and other relief. Should plaintiffs choose to appeal the dismissal of their suit, a notice of appeal must be filed pursuant to RCFC 58.1.

Accordingly, it is hereby **ORDERED** that the Clerk's office is directed to **DISMISS** the complaint for lack of subject matter jurisdiction, without prejudice.

LYNN J. BUSH
Senior Judge

---

[7] Transfer of plaintiffs' complaint to another federal court would not be in the interest of justice. The court sees no claim in the complaint that would proceed to a ruling on the merits.

9